UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHUBIN DAI,

Petitioner,

v.

BRUCE SCOTT, et al,,

Respondent.

Case No. 2:26-cv-03865-TLF

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Shubin Dai, by counsel, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus seeking release from immigration custody. Dkt. 1. Petitioner has been detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") since March 15, 2026. *Id.* Petitioner challenges, as an abuse of discretion, the immigration judge's ("IJ") denial of bond after a bond hearing based on her finding that petitioner was a flight risk. *Id.* The Court finds the Immigration Court's decision denying bond was an abuse of discretion, and the Court therefore GRANTS the petition for writ of habeas corpus.

**BACKGROUND**

Petitioner is a native and citizen of the People's Republic of China. Dkt. 8 (Declaration of Matthew Smith ("Smith Decl.)), ¶ 3. On or about November 21, 2023, petitioner entered the United States without inspection or authorization and was apprehended by Border Patrol ("BP") near Tecate, California. *Id.* The next day,

petitioner was issued a Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the country without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *Id.* ¶ 4.

On November 22, 2023, petitioner was released on an Order of Release on Recognizance ("OREC"). *Id.* ¶ 5. Respondents' evidence indicates that petitioner missed two required ICE check-ins, one in 2024, and one in 2025. *Id.* ¶¶ 6, 8.

On March 15, 2026, petitioner was escorted by Canadian Border Services Agency to U.S. Customs and Border Protection ("CBP") at the Pacific Highway Port of Entry in Blaine, Washington, after he was refused entry into Canada. *Id.* ¶ 9.

Customs and Border Protection ("CBP") determined that petitioner had missed the two ICE check-ins in 2024 and 2025, detained petitioner, and transferred him to the NWIPC on March 17, 2026. *Id.* ¶¶ 9-10; Dkt. 9 (Clark Decl.), Ex. 6 (2026 Form I-213). There is no evidence DHS initiated new removal proceedings or issued a new charging document when the re-detained petitioner in March 2026.

On June 11, 2026, petitioner appeared with counsel at a merits hearing in the Tacoma immigration court, where the IJ denied petitioner's relief and ordered him removed to China. *Id.* ¶ 14; Dkt. 9 (Clark Decl.), Ex. 3 (Removal Order). On July 1, 2026, petitioner timely appealed his removal order to the BIA; the appeal remains pending. Dkt. 8 (Smith Decl.), ¶ 15.

On September 11, 2026, petitioner appeared with counsel for a bond hearing at the Tacoma immigration court. *Id.*

Petitioner presented the following evidence: a letter from petitioner's nephew, a lawful permanent resident and homeowner, stating he would act as petitioner's sponsor, support him financially for as long as his immigration case is pending and for as long as he needs a place to live, provide him a place to stay in his home, that he would personally ensure petitioner meets every obligation to the government and the Court including ensuring he appears at every check-in for ICE and every Immigration Court appearance and BIA appeal appearance and providing him transportation. Dkt. 3; Dkt. 13 (Audio Recording of Hearing). Petitioner submitted evidence of the sponsor's earning statement and tax return, driver's license, permanent resident card, mortgage statement and energy bill. *Id.*

Respondents submitted the 2026 Form I-213, the 2023 Form I-213 and the removal order. Dkt. 9 (Clark Decl.), Ex. 6; Dkt. 13 (Audio Recording of Hearing). Respondents counsel asserted that petitioner had failed to appear for three check-ins (although the records submitted only reflect the failure to appear for two check-ins) and that petitioner had been detained in March 2026, after trying to enter into Canada. *Id.* Respondents counsel argued petitioner was a flight risk. *Id.*

After the presentation of evidence, the IJ issued an oral ruling stating: "[I]n this case, then, reviewing the record as a whole, I find the court does not have jurisdiction given [petitioner's] apprehension at the southern border. Given the additional factors in the alternative I do not find he is a danger. I do find he is a flight risk. I deny the requests for bond or conditions." Dkt. 13 (Audio Recording of Bond Hearing). The IJ subsequently issued a checked box order reflecting the following:

> **Order:**
> [X] ORDERED No Jurisdiction:..

[X] Mandatory Detention under - See Matter M-S & Matter of Q. Li; 235(b)(1) & 235(b)(2),,,
[X] IN THE ALTERNATIVE ORDERED that the request for a change in custody status be denied….
[X] Flight Risk
[X] OTHER: Conditional release is: [ ] granted [X] denied [ ] was not requested…
[X] Ability to pay considered
[X] Failure to appear and address requirements provided.

Dkt. 9 (Clark Decl.), Ex. 6. There is no evidence petitioner has filed an appeal of the IJ's bond order to the BIA. Dkt. 8 (Smith Decl.) ¶ 16.

Petitioner filed the current federal habeas corpus petition on October 9, 2026, challenging the IJ's denial of bond as an abuse of discretion. Dkt. 1. Respondents filed a return. Dkt. 7. Petitioner filed a reply. Dkt. 12.

## DISCUSSION

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### A. Statutory Basis for Detention

Petitioner asserts he is detained under 8 U.S.C. § 1226(a) and is subject to discretionary detention. Dkt. 1. Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b). See, Dkt. 7 at 2 (Respondents' Return). Petitioner was initially released on an OREC, issued an NTA

charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and re-detained nominally based on his failure to appear for required check-ins.

Accordingly, the Court finds petitioner is detained under 8 U.S.C. § 1226(a) and as such is subject to discretionary detention and was entitled to a bond hearing.

**B. Due Process Challenge to Bond Hearing**

*1. Exhaustion*

Respondents argue the Court should deny the petition because petitioner has not exhausted administrative remedies by appealing the denial of bond to the BIA. Dkt. 8.

In the context of habeas review under 28 U.S.C. § 2241, exhaustion of administrative remedies, “is a prudential rather than jurisdictional requirement.” *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). “Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.” *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).

Nevertheless, even where these factors weigh in favor of requiring exhaustion, “there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.” *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal citation and quotation marks omitted).

Here, with respect to the first factor, "[p]etitioner raises a constitutional challenge to the adequacy of his bond hearing, which is better suited to review by the federal courts." *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Scott v. Wamsley*, No. 2:25-CV-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025), *reconsideration denied*, No. 2:25-CV-1819, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026) (finding that due process and statutory challenge to continued detention is "fundamentally a question of law")). The first *Puga* factor weighs against requiring prudential exhaustion.

With respect to the second factor, although relaxation of prudential exhaustion may, to some extent, encourage others to bypass the administrative appellate procedures, the petitioner raises specific constitutional challenges to the IJ's denial of bond and a decision would likely "be beneficial to provide the specific immigration court, which regularly handles bond hearings, with guidance on the types of circumstances that may lead to a finding of constitutional deficiency." *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *4 (W.D. Wash. Apr. 10, 2026). Accordingly, this factor weighs neutral. *Id.*

Turning to the third factor, "the defect[s] alleged by Petitioner [are] constitutional in nature, and it is unlikely that appeal to the BIA will permit the agency to correct a factual or evidentiary oversight by the IJ." *W.T.M.*, 2026 WL 262583, at *3. The third *Puga* factor weighs against requiring prudential exhaustion.

And even if the above factors weighed in favor of requiring exhaustion, petitioner has already been detained since March 2026, and the Court would likely find waiver is appropriate under *Laing*, 370 F.3d 994. *See Perez Velasquez v. Bondi*, No. 26-CV-

01759-GPC-DDL, 2026 WL 1042479, at *4 (S.D. Cal. Apr. 16, 2026) ("several courts—including those in this Circuit—have found that continued detention after a potentially legally inadequate hearing may constitute such irreparable harm"); *W.T.M.*, 2026 WL 262583, at *3 (irreparable injury found where BIA review exceeded 200 days and "[d]istrict courts in this Circuit 'routinely' waive prudential exhaustion requirements for noncitizens facing prolonged detention while awaiting administrative appeals.").

Petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile." *Garcia v. Hyde*, No. 25-CV-585-JJM-PAS, 2025 WL 3466312, at *7 (D.R.I. Dec. 3, 2025) (citing *Matter of Cruz de Ortiz*, 25 I&N Dec. 601, 605 (BIA 2011) ("[N]either we nor the Immigration Judges have authority to rule on the constitutionality of the statutes we administer."); *see also Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 238 (W.D.N.Y. Jan. 16, 2019) (waiving exhaustion requirement because "the BIA does not have jurisdiction to adjudicate constitutional issues")).

The Court concludes petitioner is not required to exhaust his administrative remedies prior to pursuing this action.

*2. Challenge to IJ's Bond Determination*

A district court's review of an IJ's bond determination as to dangerousness and flight risk is for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). When reviewing for abuse of discretion, the district court cannot re-weigh the evidence but can only determine whether the IJ applied the correct legal standard. *See id.* at 785.

"When determining whether a noncitizen is a danger to the community or risk of flight, an IJ weighs nine factors, pursuant to BIA precedent." *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez*, 124 F.4th at 783). The factors the IJ "may" consider "include any or all of the following;"

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). These factors "grant an IJ broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Id*. at 783–84.

Here, the record before the Court shows the IJ failed to "correctly appl[y] the statutory standard to a given set of facts." *See Martinez*, 124 F.4th at 783.

In this case, the IJ issued a checked box order reflecting the following:

> **Order:** [X] ORDERED No Jurisdiction:..
> [X] Mandatory Detention under - See Matter M-S & Matter of Q. Li; 235(b)(1) & 235(b)(2),,,
> [X] IN THE ALTERNATIVE ORDERED that the request for a change in custody status be denied….
> [X] Flight Risk
> [X] OTHER: Conditional release is: [ ] granted [X] denied [ ] was not requested…
> [X] Ability to pay considered
> [X] Failure to appear and address requirements provided.

Dkt. 9 (Clark Decl.), Ex. 4.The IJ's oral ruling provided no explanation, simply stating "[I]n this case, then, reviewing the record as a whole, I find the court does not have

jurisdiction given his apprehension at the southern border. Given the additional factors in the alternative I do not find he is a danger. I do find he is a flight risk. I deny the requests for bond or conditions." Dkt. 13 (Audio Recording of Bond Hearing).

The failure to provide a reasoned explanation has been found to constitute an abuse of discretion. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014). Because the record lacks any findings or explanations for the denial of bond, the Court is unable to determine whether the IJ here properly applied the *Guerra* factors to petitioner's circumstances.

Here, petitioner has lived in the United States for three years (over two years at the time of his re-detention) and has no criminal history. Although there is evidence that petitioner missed two ICE check-ins and attempted to enter Canada in March 2026, that evidence relates to only one of the *Guerra* factors that the IJ was required to consider and weigh. The checkbox-form order issued by the IJ does not demonstrate consideration of the *Guerra* factors nor explain how they apply to petitioner's specific circumstances. *See Hernandez v. Scott*, C26-2549-KKE, Dkt. 16 (W.D. Wash. Sept. 20, 2026).

In particular, there is no indication the IJ considered in any way or engaged with the evidence presented by petitioner that, unlike during the period of time where there is evidence he missed two ICE check-ins, his nephew, a lawful permanent resident, is now committed to providing him a living space in the nephew's home, providing him full financial support, and is committed to transporting or providing petitioner with transportation to all of his immigration court dates or required check-ins and ensuring that he makes those required appearances.

Here, due to the IJ's failure to provide any reasoned explanation for the denial of bond or engage with the evidence under the relevant factors "[t]he Court is left to speculate concerning how the [IJ] viewed the evidence in light of the applicable factors. The Court must conclude that the [IJ] failed to do so, which constitutes an abuse of discretion." *Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026); *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (The BIA abuses its discretion when it fails to "consider and address in its entirety the evidence submitted by a petitioner"); *Soto Gimenez v. Hernandez*, No. 2:26-CV-00966-GJL, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("The IJ's failure to acknowledge or engage with evidence of [a] change [in circumstance], coupled with the absence of any articulated reasoning, constitutes an abuse of discretion."); *Hernandez*, C26-2549-KKE, Dkt. 16 (Finding [a]lthough [petitioner] does have recent misdemeanor convictions for non-violent crimes, that evidence speaks to only one of the *Guerra* factors that the IJ was required to weigh. The checkbox-form order issued by the IJ does not reflect consideration of the *Guerra* factors or explain how they apply to Petitioner's circumstances. This Court joins other courts in this district in finding that the IJ's failure to provide any explanation for a flight risk/dangerousness finding is an abuse of discretion.").

Accordingly, the Court grants the habeas petition. The Court further finds that the appropriate remedy is petitioner's immediate release. *See Preiser*, 411 U.S. at 484 ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Vasquez Lopez*, 830 F. Supp. 3d at 1103.

## CONCLUSION

For these reasons, the Court GRANTS the habeas petition and ORDERS:

(1) Respondents shall release petitioner within twenty-four (24) hours of the entry of this order on the conditions of his previous OREC.

(2) Respondents shall file a certification that petitioner was released within forty-eight (48) hours of the entry of this order.

Dated this 13th day of November, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge